UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEM SMITH,<br><br>          Plaintiff,<br>     v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06919 (JBS-AMD)<br><br>OPINION |

APPEARANCES

Raheem Smith, Plaintiff Pro Se
2880 Hull Road, Apt. K-7
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

I. **INTRODUCTION**

Plaintiff Raheem Smith seeks to bring a civil rights complaint against Camden County Correctional Facility ("CCCF") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua*

1

*sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff's Complaint states in its entirety: "I was forced to sleep on the floor until other inmates were shipped out." Complaint § III(C).

Plaintiff states that the alleged events giving rise to his claims occurred "in 2002, 2008, 2010 and 2012." *Id*. § III(B).

Plaintiff alleges that he has "back pain as a result of sleeping on the floor." *Id*. § IV.

Plaintiff is seeking "$20,000, not less than $10,000" in relief. *Id*. § V.

## III.  STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*,

2

764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff asserts claims against CCCF for allegedly unconstitutional conditions of confinement.

Primarily, the Complaint must be dismissed as CCCF is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCCF must be dismissed with prejudice.

Furthermore, "plaintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v.*

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua

3

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

Plaintiff states that the alleged events giving rise to his claims occurred "in 2002, 2008, 2010 and 2012." Complaint § III(B). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of detention. Accordingly, the statute of limitations for Plaintiff's claims expired in 2014. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F.

---

sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.     CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**February 3, 2017**          **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge